The Chicago Building and Manufacturing Company *et al.* v. I. A. Taylor Banking Company *et al.*

No. 13,816.  ( 78 Pac. 808.)

SYLLABUS BY THE COURT.

1. Mortgage Foreclosure—*Rights of Contract Creditor.*  A simple contract creditor who claims no interest in, or lien upon, his debtor's land cannot, in a foreclosure action, attack the validity of a real-estate mortgage given by the debtor to another creditor.

2. Practice, District Court—*Evidence and Instructions in Foreclosure Case.*  Alleged errors relating to the admission of evidence and the giving of instructions reviewed.

Error from Lyon district; Dennis Madden, judge. Opinion filed December 1, 1904.   Affirmed.

*J. G. Hutchison*, for plaintiffs in error.

*Kellogg & Madden*, for defendants in error.

The opinion of the court was delivered by

Burch, J. :  The I. A. Taylor Banking Company instituted an action to recover upon a promissory note for $1700, executed and delivered to it by the Hartford Creamery Company, and to foreclose a mortgage securing the note upon the real estate belonging to the creamery company.   The Chicago Building and Manufacturing Company was made a party defendant, and the petition alleged that it claimed to have some interest in, or lien upon, or right to, the property involved, the nature and extent of which was unknown to plaintiff, but that such interest, or lien, or right, was inferior and subordinate to plaintiff's lien under its mortgage.   The creamery company did not contest the plaintiff's cause of action.

W. F. Tryber became a party to the action by leave

of court.   His answer alleged that the Chicago Build-ing and Manufacturing Company had erected a cream-ery upon the land covered by plaintiff's mortgage under a contract with divers subscribers to a fund for that purpose ; that the building and manufacturing com-pany had assigned to him subscriptions due and un-paid to the amount of $1198 ; that the subscribers to the creamery fund had incorporated under the name of the Hartford Creamery Company, and that the creamery company had assumed and agreed to pay the delinquent subscriptions.   Judgment was asked against the creamery company for the amount stated.

By an amendment to his answer Tryber undertook to interpose a defense to the plaintiff's mortgage, but he made no claim to any lien upon the mortgaged property, or to any interest in it whatever, and no attempt was made to appropriate it to the payment of his debt.   The building and manufacturing com-pany pleaded the truth of the facts alleged in Tryber's amended answer.

The Hartford Creamery Company defended against Tryber's claim by pleading compliance with their con-tract on the part of the subscribers to the creamery fund, and demanded damages on account of the fail-ure of the building and manufacturing company prop-erly to construct and equip the creamery.

At the trial of the case the court excluded all evi-dence offered by Tryber and the building and manu-facturing company to impeach plaintiff's mortgage, and rendered judgment for the plaintiff according to the prayer of its petition.   Of this the defeated de-fendants complain.

The building and maufacturing company was made a party for the sole purpose of determining the valid-ity of any claim it might assert against the mortgaged

property. The allegation of the petition was merely that the building and manufacturing company claimed some right affecting the property, the nature and extent of which was unknown. When this petition was answered, no lien or other interest was exhibited, and no relief was asked upon the basis of such a claim. The building and manufacturing company and its assignee occupied the status of simple contract creditors of the creamery company, and as such they had no concern with other debts of their debtor, and had no standing to controvert the claims of other creditors. The creation of a simple contract debt does not confer upon the creditor a general right of guardianship over other business affairs of the debtor. Even though the debtor should fraudulently transfer his property for the purpose of defeating the collection of his debts a simple contract creditor cannot interfere. This is elementary law in this state.

The remaining issues in the case were determined by a jury, which rendered a verdict for Tryber for $200. This verdict he claims is too small in amount, and argues that it was induced by erroneous rulings of the court relating to the introduction of evidence, and by erroneous instructions to the jury.

The contract between the subscribers to the creamery fund and the building and manufacturing company was written, and expressed with considerable particularity the manner in which the creamery should be built and equipped. In some instances, however, the agreement was not specified. For example, it was provided that a certain vat should be supplied with hot and cold water. The proof tended to show that a boiler of a given capacity was essential for this purpose, and that the building and manufacturing company had omitted to furnish it.

Evidence upon matters of this character was introduced over objection, and no reason appears why it was not proper to show damages resulting from a non-fulfilment of the contract by the builder of the creamery.   The court was careful to reject all claims for articles supplied by the creamery company after its acceptance of the plant, which were clearly covered by the contract schedules, but in other instances evidence was required in order to make a proper application of the contract to its subject-matter.   The evidence relating to a few minor matters of this class is quite debatable, but the error in its admission, if any, is not of sufficient consequence to require a new trial.   Especially is this true since the verdict of the jury apparently indicates that the creamery company was allowed no damages whatever, and that Tryber was awarded an amount which agents of the building and manufacturing company had stated covered all that was unpaid of the subscriptions made.

The court gave the jury the following instruction, which it is claimed is wrong :

"For any articles that the company agreed to supply or furnish and did not supply or furnish according to the written contract, the defendant would be entitled to a credit thereof.   This would include the deepening of a well and its connection with said plant, and the piping of a boiler, if the same were necessary to supply hot and cold water to the vat ; but the defendant would not be entitled to a credit for repairs or articles furnished for making such repairs."

The supposed defect lies in the reference to the deepening of a well, the contract having provided that the subscribers should furnish water ready to connect with the pump.   It is evident that the court was endeavoring to illustrate the right to recover for a class of items by the particular matter of supply-

ing hot and cold water to the vat, and inadvertently overlooked the provision of the contract referred to. There is, however, no evidence in the record that any damages were claimed for deepening the well, and no proof was offered as to the cost of deepening it. Hence, the verdict could not have been affected in any sum by the feature of the instruction to which objection is made.

Since the record discloses no material error in the proceedings of the district court its judgment is affirmed.

All the Justices concurring.